Gabriel Silva v. The State of Texas





COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-425-CR
NO. 2-02-426-CR
   
GABRIEL 
SILVA                                                                     APPELLANT
   
V.
   
THE 
STATE OF TEXAS                                                                  STATE
   
------------
 
FROM 
CRIMINAL DISTRICT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Gabriel Silva of aggravated robbery, charged in two 
separate indictments, and the court sentenced Appellant to thirty-five years’ 
confinement in the Institutional Division of the Texas Department of Criminal 
Justice for each offense. On appeal, Appellant challenges the factual 
sufficiency of the evidence in each case. Because we hold that the evidence is 
factually sufficient to support the jury’s verdict, we affirm the judgment of 
the trial court.
        Appellant 
was arrested and convicted of aggravated robbery committed at KMart. On the day 
of the offense, a KMart employee observed Appellant placing DVDs in his pants. 
The employee also observed a woman putting DVDs in a shopping cart containing a 
diaper bag. The woman and Appellant were seen in the store together, although no 
one ever saw, nor does the store security videotape reveal, any exchange of DVDs 
or a diaper bag from the woman to Appellant. Appellant left the store by 
himself, but apparently he was carrying a diaper bag. The KMart videotape shows 
that the woman later left, also carrying what appeared to be a diaper bag. When 
Appellant left the store, two employees followed him out into the parking lot 
and got into an altercation with him. Appellant stabbed both employees.
        Appellant 
was later found by police in a wooded area close to the KMart. He did not have 
any DVDs or any weapons in his possession at that time. The police did find two 
DVDs and a diaper bag containing DVDs close to the woods where Appellant was 
found. Latent fingerprints taken from the diaper bag and the DVDs were compared 
to Appellant’s fingerprints. Appellant’s prints were found on two DVDs. 
Appellant now argues that there was factually insufficient evidence to show that 
he committed assault while in the course of committing theft.
        A 
person commits the offense of robbery if, “in the course of committing theft 
as defined in Chapter 31 and with intent to obtain or maintain control of the 
property, he: (1) intentionally, knowingly, or recklessly causes bodily injury 
to another.”[2] Appellant argues that the evidence 
is factually insufficient to establish that any bodily injury by the Appellant 
to either complainant was caused in the course of committing theft. As the State 
correctly points out, “[i]n the course of committing theft” means conduct 
that occurs “in an attempt to commit, during the commission, or in immediate 
flight after the attempt or commission of theft.”[3]  
Appellant argues that because the evidence is unclear that Appellant acquired 
the diaper bag while inside the KMart store, the evidence is factually 
insufficient to show that Appellant inflicted the injuries on the employees in 
the parking lot in the course of committing theft.
        The 
loss prevention officer for KMart testified that he saw Appellant place the DVDs 
in his pants. Appellant fled across the parking lot with the diaper bag. 
Appellant was found in the woods, soaked with blood. The diaper bag was located 
at the edge of the woods. It was lined with aluminum foil, which witnesses 
testified is used to defeat theft sensors. The aluminum foil contained 
Appellant’s fingerprints. The diaper bag contained DVDs. The DVDs, with the 
theft sensors still attached, had blood and Appellant’s fingerprints on them. 
Finally, Detective Nutt testified that Appellant told him that he went to KMart 
that day specifically to steal DVDs.
        Applying 
the appropriate standard of review,[4] we hold that 
the evidence is factually sufficient to support Appellant’s conviction. We 
overrule his sole point on appeal and affirm the judgment of the trial court.
 
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
 
PANEL 
B:   DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment).
 
DO 
NOT PUBLISH
Tex. 
R. App. 
P. 47.2(b)
 
DELIVERED: 
January 29, 2004
 

 
NOTES
1. 
See Tex. R. App. P. 47.4.
 
2. 
Tex. Penal Code Ann. § 29.02(a)(1) (Vernon 2003).
 
3. 
Id. § 29.01(1).
 
4. 
See Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003); Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 
129, 134 (Tex. Crim. App. 1996).